1  Mario N. Alioto (56433)
   Lauren C. Russell (241151)
2  TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
   2280 Union Street
3  San Francisco, CA 94123
   Telephone: 415-563-7200
4  Facsimile: 415- 346-0679
   Email: malioto@tatp.com;
5  laurenrussell@tatp.com

6  ***Interim Lead Counsel for the
   Indirect Purchaser Plaintiffs***

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                     **SAN FRANCISCO DIVISION**

11

12

13  IN RE: CATHODE RAY TUBE (CRT)          Master File No. CV-07-5944-SC
    ANTITRUST LITIGATION
14                                          MDL No. 1917

15  ─────────────────────────               ~~[PROPOSED]~~ **FINAL JUDGMENT
                                            OF DISMISSAL WITH PREJUDICE
16  This Document Relates to:               AS TO CHUNGHWA PICTURE TUBES,
                                            LTD. AND CHUNGHWA PICTURE TUBES
17  All Indirect Purchaser Actions          (MALAYSIA) SDN. BHD.**

18                                          Hearing Date:  March 15, 2012
                                            Time: 2:00 p.m.
19                                          JAMS: Two Embarcadero Center, Suite 1500
                                            Judge:   Hon. Samuel Conti
20                                          Special Master: Hon. Charles A. Legge (Ret.)

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────────────────
[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO CHUNGHWA PICTURE TUBES
AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD., LTD. — Master File No. CV-07-5944-SC

1      This matter has come before the Special Master to determine whether there is any cause why

2  this Court should not approve the settlement with Chunghwa Picture Tubes, Ltd. ("Defendant") set

3  forth in the settlement agreement ("Settlement"), dated April 8, 2009, relating to the above-captioned

4  litigation, *In re Cathode Ray Tube (CRT) Antitrust Litigation,* Case No.3:07cv 05944 SC, MDL No.

5  1917 (N.D. Cal.) ("Action"). The Special Master after carefully considering all papers filed and

6  proceedings held herein and otherwise being fully informed in the premises, has determined (1) that

7  the Settlement should be approved, and (2) that there is no just reason for delay of the entry of this

8  final Judgment approving the Settlement. Accordingly, the Special Master directs entry of Judgment

9  which shall constitute a final adjudication of this case on the merits as to the parties to the

10  Settlement. Good cause appearing therefor, it is:

11      **ORDERED, ADJUDGED AND DECREED THAT:**

12      1.    The Court has jurisdiction over the subject matter of this litigation, and all actions

13  within this litigation and over the parties to the Settlement, including all members of the Class and

14  the Defendant.

15      2.    The definitions of terms set forth in the Settlement are incorporated hereby as though

16  fully set forth in this Judgment.

17      3.    The Special Master hereby finally approves and confirms the settlement set forth in

18  the Settlement and finds that said settlement is, in all respects, fair, reasonable and adequate to the

19  Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

20      4.    The persons/ entities set out in Exhibit 1, attached hereto, have timely and validly

21  requested exclusion from the Class and, therefore, are excluded. Such persons/entities are not

22  included in or bound by this Final Judgment. Such persons/entities are not entitled to any recovery

23  from the settlement proceeds obtained through the Settlement.

24      5.    This Court hereby dismisses on the merits and with prejudice the Action, certified as

25  a settlement class in the Court's Order Granting Final Approval of the Settlement, in favor the

26  Defendant, with each party to bear their own costs and attorneys' fees (subject to any motion, or

27  application, to be made by Plaintiffs' Class Counsel to seek attorneys' fees, costs, expenses,

28

[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO CHUNGHWA PICTURE TUBES
AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD., LTD. — Master File No. CV-07-5944-SC

1  including expert fees and costs, and other such items from the Settlement Fund  as provided for in

2  the Settlement).

3     6.    All persons and entities who are Releasors are hereby barred and enjoined from

4  commencing, prosecuting, or continuing any claims, demands, actions, suits, or causes of action, or

5  otherwise seeking to establish liability, against Chunghwa Picture Tubes, Ltd. and Chunghwa

6  Picture Tubes (Malaysia) Sdn. Bhd. ("Releasees") based, in whole or in part, upon any of the

7  Released Claims or conduct at issue in the Released Claims (as defined and limited in the

8  Settlement).

9     7.    Releasees are  hereby and forever released and discharged with respect to any and all

10  claims, demands, actions, suits, or causes of action which the Releasors had or have arising out of or

11  related to any of the Released Claims (as defined and limited in the Settlement).

12     8.    The notice given to the Class of the settlement set forth in the Settlement and other

13  matters set forth therein was the best notice practicable under the circumstances. Said notice

14  provided due and adequate notice of the proceedings and of the matters set forth therein, including

15  the proposed settlement set forth in the Settlement, to all persons entitled to such notice, and said

16  notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the

17  requirements of due process.

18     9.    One objection  to the Settlement was filed by Sean Hull.  The objection is hereby

19  overruled on the grounds that the objector has failed to submit proof or otherwise establish that he is

20  a member of the Class, and therefore lacks standing to challenge the Settlement. Additionally, the

21  objection is otherwise without merit for the reasons set forth in  Plaintiffs' Memorandum in Support

22  of Final Approval of Class Action Settlement with Defendant Chunghwa Picture Tubes, Ltd., and as

23  argued at the Final Fairness Hearing.

24     10.    Without affecting the finality of this Judgment in any way, this Court hereby retains

25  continuing jurisdiction over: (a) implementation of this settlement and any distribution to Class

26  Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing

27  and determining applications by  Plaintiffs' Class Counsel for attorneys' fees, costs, expenses,

28  including expert fees and costs, and other such items; (d) the Class Action until the final judgments

1  contemplated hereby have become effective and each and every act agreed to be performed by the

2  parties all have been performed pursuant to the Settlement; and (e) all parties to the Class Action and

3  Releasees for the purpose of enforcing and administering the Settlement and the mutual releases and

4  other documents contemplated by, or executed in connection with the Settlement.

5      11.    In the event that the settlement does not become effective in accordance with the

6  terms of the Settlement, then the judgment shall be rendered null and void and shall be vacated, and

7  in such event, all orders entered and releases delivered in connection herewith shall be null and void

8  and, except as otherwise provided in the Settlement, the parties shall be returned to their respective

9  positions ex ante.

10     12.    The Special Master determines, pursuant to Rules 54(a) and (b) of the Federal Rules

11  of Civil Procedure, that this Final Judgment should be entered and further finds that there is no just

12  reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the

13  Settlement.  Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

15  Dated: March 21, 2012          _____
                                    Hon. Charles A. Legge (Ret.)

17       REVIEWED AND [APPROVED ~~OR MODIFIED~~]

19  Dated: Mar. 22, 2012           _____
                                    Hon. Samuel Conti
20                                  United States District Judge

[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO CHUNGHWA PICTURE TUBES
AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD., LTD. — Master File No. CV-07-5944-SC

# EXHIBIT 1

## REQUESTS FOR EXCLUSION
### (All Timely)

| REFERENCE NAME | COMPLETE DESCRIPTION |
|---|---|
| 1. Circuit City Stores | Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, on behalf of itself and Circuit City Stores, Inc. and its affiliated debtors |
| 2. Old Comp | Old Comp Inc. and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to,<br><br>Old Comp Inc. (formerly known as CompUSA Inc.)<br>CompUSA GP Holdings Company<br>CompUSA Holdings Company<br>CompUSA Stores L.P.<br>CompUSA Management Company<br>CompTeam Inc.<br>Cozone.com Inc.<br>BeOn Inc. (formerly known as CompUSA PC Inc.)<br>BeOn Operating Company (formerly known as CompUSA PC Operating Company)<br>Computer City Inc.<br>Good Guys Inc.<br>Good Guys California, Inc.<br>Goodguys.com Inc. |
| 3. PBE Consumer Electronics | PBE Consumer Electronics, LLC and related entities |
| 4. Petters Company | Douglas A. Kelley, as Chapter 11 Trustee for Petters Company, Inc. and related entities and as Receiver for Petters Company, LLC and related entities |

| | |
|---|---|
| 5. RadioShack | RadioShack Corporation and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to, RadioShack Corporation |
| 6. Sears | Sears, Roebuck and Co. and Kmart Corporation and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to,<br><br>Sears, Roebuck and Co.<br>Sears Holding Corporation<br>Sears Holdings Management Corporation<br>Kmart Corporation<br>Kmart Management Corporation<br>Kmart Holdings Corporation |
| 7. Target | Target Corporation and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to, Target Corporation |
| 8. ViewSonic | ViewSonic Corporation and each of its parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments, and offices, including, but not limited to,<br><br>ViewSonic Corporation<br>ViewSonic International Corporation<br>ViewSonic Display Limited<br>ViewSonic Hong Kong Limited |
| 9. Wal-Mart | Wal-Mart Stores, Inc. and its subsidiaries and affiliates, including but not limited to Wal-Mart Stores East, LP; Wal-Mart Stores Texas, LLC; Wal-Mart Louisiana, LLC; Wal-Mart Stores Arkansas, LLC; and Walmart.com USA, LLC (collectively operating as Walmart); and Sam's West, Inc. and Sam's East, Inc. (collectively operating as Sam's Club) |
| 10. Rhodrick Harden | Rhodrick Harden from Columbus, Ohio |