UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION                              MDL No. 1917

(SEE ATTACHED SCHEDULE)

**CONDITIONAL REMAND ORDER**

The transferee court in this litigation has advised the Panel that coordinated or consolidated pretrial proceedings in the action(s) on this conditional remand order have been completed and that remand to the transferor court(s), as provided in 28 U.S.C. § 1407(a), is appropriate.

IT IS THEREFORE ORDERED that the action(s) on this conditional remand order be remanded to its/their respective transferor court(s).

IT IS ALSO ORDERED that, pursuant to Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the transmittal of this order to the transferee clerk for filing shall be stayed 7 days from the date of this order. If any party files a notice of opposition with the Clerk of the Panel within this 7–day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Northern District of California.

IT IS FURTHER ORDERED that, pursuant to Rule 10.4(a), the parties shall furnish the Clerk for the Northern District of California with a stipulation or designation of the contents of the record to be remanded.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

Apr 18, 2017

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION                                           MDL No. 1917

## SCHEDULE FOR CRO

| TRANSFEREE | | | TRANSFEROR | | | |
|---|---|---|---|---|---|---|
| **DIST** | **DIV.** | **C.A.NO.** | **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
| CAN | 3 | 13−00157 | FLM | 8 | 12−02795 | Tech Data Corporation et al v. Hitachi, Ltd. et al |
| CAN | 3 | 11−06275 | FLS | 0 | 11−62437 | Interbond Corporation of America v. Hitachi, Ltd. et al |
| CAN | 3 | 13−05727 | FLS | 0 | 13−62482 | Interbond Corporation of America v. Mitsubishi Electric & Electronics USA, Inc. et al |
| CAN | 3 | 11−06276 | FLS | 9 | 11−81263 | Office Depot, Inc. v. Hitachi, Ltd. et al |
| CAN | 3 | 13−05726 | FLS | 9 | 13−81174 | Office Depot, Inc. v. TECHNICOLOR SA et al |
| CAN | 3 | 12−02649 | NYE | 1 | 11−05529 | Schultze Agency Services, LLC et al v. Hitachi, Ltd. et al |
| CAN | 3 | 12−02648 | NYE | 1 | 11−05530 | P.C. Richard & Son Long Island Corporation et al v. Hitachi Ltd. et al |
| CAN | 3 | 11−01656 | NYE | 2 | 11−00831 | Electrograph Systems, Inc. et al v. Hitachi Ltd. et al |
| CAN | 3 | 13−05668 | NYE | 2 | 13−06323 | Schultze Agency Services, LLC v. Technicolor SA et al |
| CAN | 3 | 13−05724 | NYE | 2 | 13−06325 | Electrograph Systems, Inc. et al v. Technicolor SA et al |
| CAN | 3 | 13−05725 | NYE | 2 | 13−06327 | P.C. Richard & Son Long Island Corporation et al v. Technicolor SA et al |
| CAN | 3 | 11−06396 | TXN | 3 | 11−03130 | Compucom Systems Inc v. Hitachi Ltd et al |
| CAN | 3 | 11−06397 | WAW | 2 | 11−01909 | Costco Wholesale Corporation v. Hitachi, Ltd. et al |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944-JST |
| This Document Relates To: | **ORDER GRANTING MOTION SUGGESTING REMAND**<br>Re: ECF No. 4985 |
| *Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656; | |
| *Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724; | |
| *Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 11-cv-06275; | |
| *Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727; | |
| *Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276; | |
| *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726; | |
| *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396; | |
| *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397; | |
| *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648; | |
| *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725; | |
| *Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649; | |

*Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157.

Before the Court is the Motion Suggesting Remand brought by Electrograph Systems, Inc., Electrograph Technologies Corp., Office Depot, Inc., CompuCom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, Tech Data Corporation and Tech Data Product Management, Inc., and Costco Wholesale Corporation's (the "Remand Plaintiffs"). The Court will grant the motion.

This multi-district antitrust case concerning cathode ray tube technology has now reached the end of pretrial proceedings. On April 12, 2016, the Remand Plaintiffs filed an administrative motion for leave to file the present motion, ECF No. 4555, which the Court granted. ECF No. 4618. Then, on October 26, 2016, they filed the present motion suggesting remand. ECF No. 4985. Defendants oppose the motion. ECF No. 5011.

The Judicial Panel on Multidistrict Litigation (the JPML) may transfer actions from various districts to any district for coordinated or consolidated pretrial proceedings. 28 U.S.C. § 1407(a). The JPML must remand those actions to the transferor courts "no later than the conclusion of pretrial proceedings in the transferee court." Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 36-37 (1998).

The Remand Plaintiffs request an order suggesting that their cases be remanded to the transferor courts, to be entered by the Court upon resolution of seven identified motions that were outstanding at the time Plaintiffs filed the present motion,[1] because at that time "all MDL pretrial proceedings in the Remand Plaintiffs' cases will be complete." ECF No. 4985 at 3.

---

[1] Five were summary judgment motions. See ECF Nos. 2976, 2984, 3001, 3037, 3040. Two were Daubert motions. See ECF Nos. 3170, 3172.

1  The Court agrees. Because those seven motions are now resolved[2] and pretrial
2  proceedings are complete, remand is required. See Lexecon, 523 U.S at 35. The statute governing
3  multidistrict litigation procedure, 28 U.S.C. § 1407, creates an obligation to remand actions "at or
4  before the conclusion" of pretrial proceedings that is "impervious to judicial discretion." See
5  Lexecon, 523 U.S. at 35.

Defendants argue that the present motion is "premature" because the Remand Plaintiffs filed the motion before the seven then-pending motions were resolved, although they requested that the Court not suggest remand until resolution had occurred. See ECF No. 5011 at 3. It is hard to see why the distinction makes any difference. Moreover, since pretrial proceedings are now complete, remand is obligatory. See Lexecon, 523 U.S. at 35. Requiring the Remand Plaintiffs to refile a duplicative motion now would not promote the just and efficient conduct of the litigation or add anything useful to the decision-making process.

Defendants also contend that they need time after resolution of the pretrial motions, but before the Court suggests remand, to "gaug[e] the value of any potential settlements." ECF No. 5011 at 2. But 28 U.S.C. § 1407 does not require, or even mention, such a period of time. And if the Court's recent rulings have provided additional information that makes it easier for the parties to settle their cases, they can finish that task whether the cases are venued in San Francisco or in their original courts. Finally, after presenting their arguments, Defendants' Opposition requests only that the present motion be denied "until pre-trial proceedings are complete." ECF No. 5011 at 5. They now are.

**CONCLUSION**

The Court grants the motion suggesting remand. Pursuant to Rule 10.1(b) of the Rules of the Judicial Panel on Multidistrict Litigation, the Court SUGGESTS that the Panel remand the following actions:

For remand to the Eastern District of New York: *Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, N.D. Cal. No. 11-cv-01656; *Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*,

---

[2] See ECF Nos. 5111, 5105, 5119, 4559, 5120, 5102, and 5136.

1  N.D. Cal. No. 13-cv-05724; *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*,
2  N.D. Cal. No. 12-cv-02648; *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et
3  al.*, N.D. Cal. No. 13-cv-05725; *Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, N.D. Cal. No.
4  12-cv-02649; *Schultze Agency Servs., LLC v. Technicolor SA, et al.*, N.D. Cal. No. 13-cv-05668.

5  For remand to the Southern District of Florida: *Interbond Corp. of Am. v. Hitachi, Ltd., et
6  al.*, N.D. Cal. No. 11-cv-06275; *Interbond Corp. of Am. v. Technicolor SA, et al.*, N.D. Cal. No.
7  13-cv-05727; *Office Depot, Inc. v. Hitachi, Ltd., et al.*, N.D. Cal. No. 11-cv-06276; *Office Depot,
8  Inc. v. Technicolor SA, et al.*, N.D. Cal. No. 13-cv-05726.

9  For remand to the Middle District of Florida: *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*,
10 N.D. Cal. No. 13-cv-00157.

11 For remand to the Northern District of Texas: *CompuCom Systems, Inc. v. Hitachi, Ltd., et
12 al.*, N.D. Cal. No. 11-cv-06396.

13 For remand to the Western District of Washington: *Costco Wholesale Corp. v. Hitachi,
14 Ltd., et al.*, N.D. Cal. No. 11-cv-06397.

15 IT IS SO ORDERED.

16 Dated: April 5, 2017

JON S. TIGAR
United States District Judge

4